IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HAWTHORNE, | ) | |
| # 247177, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv901-TMH |
| | ) | (WO) |
| KIM TOBIAS THOMAS, *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 10) in which they argue that the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Christopher Hawthorne ("Hawthorne") on October 15, 2012, is barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1) (setting forth one-year limitation period).

Title 28 U.S.C. § 2244(d) provides:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

>applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibits submitted by the respondents reflect that on February 27, 2006, a Dale County jury found Hawthorne guilty of murder in violation of § 13A-6-2(a)(1), Ala. Code 1975. Exh. A. On May 27, 2006, the trial court sentenced Hawthorne to 35 years in prison. *Id*. On February 23, 2007, on direct appeal, Hawthorne's conviction was affirmed by the Alabama Court of Criminal Appeals. *Id*. Hawthorne did not seek certiorari review in the Alabama Supreme Court, and the Court of Criminal Appeals issued a certificate of judgment on March 14, 2007. Exh. A-1. Because Hawthorne did not seek certiorari review in the Alabama Supreme Court, his conviction became final (and the one-year limitation period in § 2244(d)(1)(A) began to run) when the Court of Criminal Appeals issued the certificate of judgment, i.e., on March 14, 2007. *See Pugh v. Smith*, 465 F.3d 1295, 1299-300 (11th Cir. 2006).

Almost nine months later, on December 3, 2007, Hawthorne filed a Rule 32 petition in the trial court challenging his murder conviction and sentence, thereby tolling the

limitation period for filing a § 2254 petition. Exh. B. *See* 28 U.S.C. § 2244(d)(2). At that time, the one-year limitation period for filing a § 2254 petition had run for **264 days**. The trial court denied Hawthorne's Rule 32 petition on April 9, 2008. Hawthorne appealed that decision, and on October 24, 2008, 2007, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Exh. B-1. On November 12, 2008, the Court of Criminal Appeals issued a certificate of judgment in the case. Exh. B-2.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *See Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). As reflected in the dates recounted above, Hawthorne's Rule 32 petition was pending in the state courts from December 3, 2007, through November 12, 2008. On November 12, 2008, he had **101 (365 - 264) days** remaining within which to file a timely federal habeas petition. The limitation period began to run again for him on November 13, 2008, and ran unabated before expiring 102 days later, on **February 23, 2008.**[1] As noted, Hawthorne did not file his federal petition until October 15, 2012 – well over three years after the limitation period expired.

Because it therefore appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Hawthorne filed the instant petition, it is

**ORDERED that on or before December 28, 2012,** Hawthorne shall show cause why

---

[1] The court added an additional day for the running of the limitation period, because February 22, 2008, was a Sunday.

his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 3rd day of December, 2012.

                                          /s/ Terry F. Moorer
                                 TERRY F. MOORER
                                 UNITED STATES MAGISTRATE JUDGE