IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HAWTHORNE, # 247177, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv901-WHA |
| | ) | (WO) |
| KIM TOBIAS THOMAS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Christopher Hawthorne ("Hawthorne") on October 15, 2012. Hawthorne presents claims challenging the constitutionality of his 2006 murder conviction in the Dale County Circuit Court. The respondents argue Hawthorne's petition is time-barred by the one-year federal limitation period. After careful review, the court concludes no evidentiary hearing is required and that the § 2254 petition should be denied as untimely.

**I. BACKGROUND**

On March 1, 2006, a Dale County jury found Hawthorne guilty of murder in violation of § 13A-6-2(a)(1), Ala. Code 1975. *Ex. B-1 at 1*.[1] On May 25, 2006, the trial court sentenced him to 35 years in prison. *Ex. B at 2*. Hawthorne appealed, and on February 23,

---

[1] Document numbers ("*Doc. No.*") are those assigned by the Clerk of Court in this habeas action. References to exhibits ("*Ex.*") are to those included with the Respondents' Answer (*Doc. No. 10*). All page references are to those assigned by CM/ECF.

2007, the Alabama Court of Criminal Appeals affirmed his conviction and sentence in an unpublished memorandum opinion. *Ex. A*. Hawthorne filed no application for rehearing and did not seek certiorari review in the Alabama Supreme Court. On March 14, 2007, the Alabama Court of Criminal Appeals issued a certificate of judgment. *Ex. A-1*.

Almost nine months later, on December 3, 2007, Hawthorne filed a *pro se* petition for post-conviction relief under Ala.R.Crim.P. 32, alleging various instances of trial error and ineffective assistance of counsel. *See Ex. B at 66*. On January 11, 2008, the trial court entered an order denying all claims in the Rule 32 petition, except Hawthorne's claims of ineffective assistance of counsel, on grounds the claims could have been raised at trial or on appeal and were therefore precluded. *Id. at 81-82*. As for Hawthorne's claims of ineffective assistance of counsel, the trial court set an evidentiary hearing to address those claims and appointed counsel to represent Hawthorne. *Id*. Prior to the evidentiary hearing, Hawthorne retained different counsel and his appointed counsel was allowed to withdraw. *Id. at 90-91*.

The evidentiary hearing was held on April 2, 2008. On April 9, 2008, the trial court entered an order finding Hawthorne's claims of ineffective assistance of counsel lacked merit and denying his Rule 32 petition. *Id. at 92-96*. Hawthorne appealed from the denial of his Rule 32 petition, and on October 24, 2008, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by unpublished memorandum opinion. *Ex. B-1*. Hawthorne filed no application for rehearing and did not seek certiorari review in the Alabama Supreme Court. On November 12, 2008, the Alabama Court of Criminal Appeals issued its certificate

2

of judgment. *Ex. B-2*.

About April 2010, Hawthorne, proceeding *pro se*, filed a second Rule 32 petition in the trial court, alleging that a legal organization he had hired to assist him in pursuing his appeal from the denial of his first Rule 32 petition and other possible post-conviction remedies had rendered ineffective assistance of counsel by abandoning its representation of him. *Doc. No. 1 at 3; Doc. No. 2 at 8*. On September 20, 2010, the trial court denied Hawthorne's second Rule 32 petition as a successive petition. *Id*. Hawthorne took no appeal from that decision.

On October 15, 2012, Hawthorne filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, raising claims that he was denied effective assistance of trial and appellate counsel, that his conviction was obtained by a violation of his privilege against self-incrimination through the trial court's failure to suppress inadmissible statements, and that his conviction was obtained because of the prosecution's failure to disclose favorable evidence. *Doc. No. 1; Doc. No. 3*. The respondents contend the § 2254 petition is time-barred under the federal limitation period in 28 U.S.C. § 2244(d).[2]

---

[2] Title 28 U.S.C. § 2244(d) provides the federal limitation period for § 2254 petitions and states:
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(continued...)

3

## II.  DISCUSSION

A.  **The Federal Limitation Period, 28 U.S.C. § 2244(d)**

1.  *One-year Limitation Period under § 2244(d)(1)(A)*

Title 28 § 2244(d)(1)(A) directs that the one-year limitation period for filing a § 2254 petition begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Hawthorne, on direct review, filed no application for rehearing and did not seek certiorari review in the Alabama Supreme Court after the Alabama Court of Criminal Appeals issued its memorandum opinion affirming his conviction and sentence, he was not entitled to the additional 90 days for seeking certiorari review in the United States

---

[2](...continued)
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Supreme Court; thus, his conviction became "final" for federal habeas purposes when the Alabama Court of Criminal Appeals issued its certificate of judgment on March 14, 2007. *Martinez v. Mitchem*, Civil Action No. 1:11cv667-WKW, 2014 WL 805474, at *2 (M.D. Ala. Feb. 28, 2014); *see Pugh v. Smith*, 465 F.3d 1295, 1299-3000 (11th Cir. 2006). And, for purposes of § 2244(d)(1)(A), the one-year period for filing his federal habeas petition commenced on that same date. Hawthorne filed the instant habeas petition on October 15, 2012 – over five years after his conviction became final.

  2.  ***Statutory Tolling under § 2244(d)(2)***

  Title 28 § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the federal limitation period. 28 U.S.C. § 2244(d)(2); *see Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). On December 3, 2007, Hawthorne filed a Rule 32 petition in the trial court challenging his conviction and sentence, thereby tolling the federal limitation period under § 2244(d)(2). At that time, the one-year period for filing a § 2254 petition had run for 264 days (from March 14, 2007, to December 3, 2007). The state court proceedings on that Rule 32 petition concluded on November 12, 2008, when the Alabama Court of Criminal Appeals issued a certificate of judgment in the case. At that time, Hawthorne had 101 (365 - 264) days remaining within which to file a timely § 2254 petition. The limitation period ran unabated

5

before expiring 102 days later, on February 23, 2009.³ Hawthorne's § 2254 petition, filed on October 15, 2012, was filed well over three years after the limitation period expired and was untimely under § 2244(d)(1)(A).⁴

### 3. *Provisions of § 2244(d)(1)(B)-(D)*

The provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not control the limitation period in Hawthorne's case such that the one-year period for filing his § 2254 petition would have run from some date other than the date on which "the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). There is no evidence that any unconstitutional or illegal state action impeded Hawthorne from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Hawthorne also presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no ground for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

---

³ This court adds an additional day for the running of the limitation period, because February 22, 2009, was a Sunday.

⁴ Although Hawthorne filed a second Rule 32 petition in April 2010, that filing – and the state court proceedings on that petition – had no tolling effect under § 2244(d)(2), because the federal limitation period had already expired by the time the petition was filed. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

**B.     Equitable Tolling of the Limitation Period**

Hawthorne maintains he is entitled to equitable tolling of the limitation period because he was effectively "abandoned" by attorneys with a legal organization he says he hired to represent him in pursuing his appeal from the denial of his first Rule 32 petition and other possible post-conviction remedies. *See Doc. No. 1 at 3; Doc. No. 2 at 5-14*. Equitable tolling of the limitation period applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted).

In support of his claim for equitable tolling, Hawthorne states that on November 17, 2008, he signed a contract with a legal organization called the National Inmate Defense Association ("NIDA") for representation in "continued post-conviction appeal proceedings."[5] *Doc. No. 2 at 7.* He submits a copy of that contract, which contains his signature and the signatures of Lisa Stokes and Barbara Hawthorne, all listed as "Client," *id. at 21*, as well as a copy of letter from an attorney with NIDA, Robert Kreitlein, dated November 17, 2008, and addressed to Lisa Stokes,[6] in which Kreitlein explains the general scope of NIDA's services and indicates NIDA's staff would review the record in Hawthorne's case to investigate possible legal arguments or attacks to pursue in a criminal post-conviction appeal,

---

[5] There is no indication that NIDA or its attorneys represented Hawthorne in any legal proceedings before the signing of the November 17, 2008, contract.

[6] The relation between Hawthorne and Stokes is unclear from the record, but for purposes of Hawthorne's claim, the court assumes Stokes was acting as an agent on Hawthorne's behalf.

7

*id. at 22*.

Hawthorne states that on July 18, 2009, he received a letter with the business heading "KWM" informing him that three attorneys with NIDA – Kreitlein, Michael Williams, and Sasha Moore – "had uncovered some problems with the administrative branch of NIDA, to include poor customer service and lack of proper communication between customer and client," and that, as a result, Kreitlein, Williams, and Moore had "terminated their relationship with NIDA." *Id. at 7*. Hawthorne submits a copy of that letter, signed by Williams and addressed to Lisa Stokes, in which Williams also assures Hawthorne that he, Kreitlein, and Moore would "continue to honor the terms of the contract you have with NIDA." *Id. at 24-25*. According to Hawthorne, after he received this letter, he believed Williams, Kreitlein, and Moore were representing him. *Id*.

In the months that followed, however, Hawthorne's attempts to keep apprised of his case, "through repeated letters seeking response" from the attorneys, proved unsuccessful. *Id. at 7-8*. Hawthorne maintains he realized he had been abandoned by his counsel, and that after an unanswered letter dated February 3, 2010, he "became aware that he had been reduced to *pro se* status." *Id*. At that point, he filed a complaint against Kreitlein and Moore with the Alabama State Bar. *Id*.

In April 2010, Hawthorne filed a *pro se* Rule 32 petition (his second), alleging that NIDA and the attorneys had abandoned its representation of him in his pursuit of his appeal from the denial of his first Rule 32 petition. *Id at 8*. On September 20, 2010, the trial court

denied the second Rule 32 petition as a successive petition. *Id*. Hawthorne did not appeal that decision.

"[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). Equitable tolling is warranted only if the federal habeas petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S 631, 649 (2010) (quotation marks omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).

The "extraordinary circumstance" at issue here involves the alleged abandonment of Hawthorne by the legal organization and attorneys he hired following the Alabama Court of Criminal Appeals' judgment affirming the denial of his first Rule 32 petition. First, from Hawthorne's allegations and the materials submitted, it is unclear what actions NIDA and its attorneys were committed to undertake in representing Hawthorne in pursuit of a criminal post-conviction appeal. Although Hawthorne indicates he believed NIDA would file an application for rehearing of the Alabama Court of Criminal Appeals' decision affirming the denial of his first Rule 32 petition, that court issued its certificate of judgment – finalizing the case – on November 12, 2008. Hawthorne did not hire NIDA to represent him until November 17, 2008, by which time an application for rehearing would have been untimely

9

and Hawthorne was precluded (having filed no application for rehearing) from seeking certiorari review in the Alabama Supreme Court.  There is no indication in the documents submitted by Hawthorne that NIDA and its attorneys advised Hawthorne they would file an application for rehearing on his behalf, or that filing for rehearing was one of the legal tactics NIDA intended to undertake.  Indeed, while the evidence suggests NIDA and its attorneys may well have done very little for Hawthorne, the specific actions they were hired to perform in representing him remain unclear.  And because NIDA was not hired until November 17, 2008, it appears there was little NIDA and its attorneys could do to further Hawthorne's interests in obtaining  a favorable outcome in the proceedings on his first Rule 32 petition – as, barring a granting of some extraordinary relief, that case could proceed no further after the Alabama Court of Criminal Appeals issued its certificate of judgment on November 12, 2008.  These facts indicate that while NIDA and its attorneys failed to satisfy professional standards of care in representing Hawthorne – taking his money while providing little in return – their nonfeasance did not rise to the level of an "extraordinary circumstance" that prevented Hawthorne from timely filing a federal habeas petition.

Moreover, even assuming Hawthorne's "abandonment" by NIDA and its attorneys constituted an extraordinary circumstance for purposes of equitable tolling, the record reflects Hawthorne failed to act with reasonable diligence in the face of events that should have prompted him to pursue his rights well before he actually filed his § 2254 petition.  Hawthorne acknowledges he was aware in early November 2008 that the Alabama Court of

Criminal Appeals had affirmed the trial court's denial of his first Rule 32 petition. *Doc. No. 2 at 7*. He does not indicate that NIDA and its attorneys ever informed him of a specific legal filing or action they had undertaken on his behalf after entering the November 17, 2008, contract. Nor does he indicate what efforts he undertook to keep apprised of his case – either by contacting NIDA or the state courts – until July 2009, when he received the letter indicating attorneys Kreitlein, Williams, and Moore had ended their relationship with NIDA but that they would continue to handle his case. While Hawthorne did make repeated unsuccessful attempts to contact the attorneys about his case during the ensuing months, by February 2010 he determined he had been abandoned by his counsel and "reduced to *pro se* status." Rather than acting promptly at that time to protect his rights by filing a federal habeas petition and setting forth the circumstances occurring with NIDA and its attorneys as a possible basis for equitable tolling, he filed a second *pro se* Rule 32 petition (in April 2010), which was denied as a successive petition in September 2010. Even then, Hawthorne waited over two years, until October 15, 2012, to file his federal habeas petition in this court. These circumstances demonstrate an absence of due diligence by Hawthorne in pursuing his rights. Indeed, Hawthorne presents no explanation for the lengthy delay in filing his § 2254 petition after his pursuit of his second Rule 32 petition proved futile. "Equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights." *United States v. Ramos–Martinez*, 638 F.3d 315, 323 (1st Cir. 2011).

Hawthorne fails to demonstrate that extraordinary circumstances prevented him from

11

filing a timely habeas petition and because, under the circumstances, he did not exercise reasonable diligence in pursuing his rights, this court concludes he is not entitled to equitable tolling. Consequently, his petition is time-barred under § 2244(d) and the court will not review the merits of his claims for habeas relief.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and this case be DISMISSED with prejudice under 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before February 13, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of January, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE